IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                          23-CR-768 KG

ROSA ADRIANA LOPEZ-ESCOBAR,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon the United States' Notice of Appeal of Magistrate's Order Setting Conditions of Release, (Doc. 25), filed June 29, 2023.  Defendant has filed a responsive brief, (Doc. 66), filed August 8, 2023.  Based on its consideration of the Indictment, (Doc. 1), the Pre-trial Services report of the District of Arizona and concurrence of PTS, District of New Mexico (Doc. 62), the briefing of the parties, and the applicable law, this Court orders Defendant Rosa Adriana Lopez-Escobar DETAINED pending trial.

*I.      Procedural Background*

      On May 24, 2023, the Grand Jury in the District of New Mexico returned an indictment charging Defendant and ten alleged co-conspirators with violating 8 U.S.C. § 1324(a)(1)(A)(v)(I), conspiracy to violate 8 U.S.C. §§ 1324(a)(1)(A)(i)-(iii), bringing in, transporting, and harboring illegal aliens.  As a result, Defendant was arrested in the District of Arizona on or about June 14, 2023, and brought before the Honorable John Boyle, United States Magistrate Judge in that same District, and she was held pending a detention hearing.  On June 23, 2023, Defendant appeared before the Honorable Deborah Fine, Magistrate Judge, who ordered Defendant's release on conditions. On June 29, 2023, the United States Attorney for the

District of New Mexico filed a notice of appeal of Judge Fine's release order. (Doc. 25). On or about the same date, the United States Attorney for the District of Arizona also filed an appeal of Judge Fine's order. Defendant remained in the custody of the United States Marshal, who transported her to the District of New Mexico. On July 21, 2023, Defendant appeared before the Honorable Jerry Ritter, the District of New Mexico for her initial appearance (Doc. 59), and, on July 26, 2023, she was arraigned (Doc. 63). Defendant has remained in custody pending this appeal of Judge Fine's order.

## II. Standard of Review and Applicable Law

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615).

Although Judge Fine's order and reasoning is not part of the record before this Court, she presumably adopted with recommendation of the Pretrial Services Officer and the details provided (Doc. 62). The recommendation was that Defendant be released on Personal Recognizance and with following conditions:

1. The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

2. The defendant shall no commit any federal, state, tribal or local crime.

3. The defendant shall report as directed to the U.S. Pretrial Services 1-800-769-7609 or 602-322-7350; 401 W. Washington St., Suite 260, Phoenix, AZ 85003.

4. The defendant may travel directly to the prosecuting district, and through all states and counties in between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences only, unless PRIOR Court or Pretrial Services permission is granted to travel elsewhere.

5. The defendant shall avoid all direct or indirect contact with persons who are considered alleged codefendants.

6. The defendant shall not obtain a passport or other travel documents during the pendency of these proceedings.

(Doc. 62). Judge Fine also imposed a condition requiring electronic monitoring.

III.    *Analysis*

In deciding whether to release or detain a defendant pending trial, the Court considers the following factors set forth in Section 3142(g):

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including—

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Although there is no argument here that Defendant is a danger, the United States requests this Court order her detained pending trial, asserting she is a "serious risk of flight." (Doc. 51). The United States points to the serious nature of the offense that, with certain aggravating sentencing enhancements, implicates a potentially lengthy period of incarceration, thus incentivizing a flight from prosecution. The United States describes the scope and details of the alleged conspiracy and Defendant's role to argue the weight of the evidence against her is "overwhelming." The United States points to Defendant's lack of legal immigration status in the United States, her Guatemalan citizenship, her family and other ties to her home country, her "virtually certain conviction" and deportation, and her knowledge as an alleged coordinator of smuggling, she was familiar with smuggling routes to allow her easily to flee the United States to avoid prosecution and then return later. The United States also points to the alleged amount of cash, over one million dollars, associated with the conspiracy, to argue Defendant has access to significant resources to finance her flight from this jurisdiction.

In response, Defendant correctly notes the presumption of flight risk or danger does not apply to the offense charged in this case. She also asserts in effect that any consideration of a sentence, including the application of any sentencing enhancements, is premature at this stage. In addition, she emphasizes her family ties to Phoenix, where, for five years, she has shared the same residence with her spouse and children, who are United States citizens.

While Defendant has family and living ties to the United States, this Court is more concerned with her ties to her home country. In view of the totality of circumstances here, the Court is persuaded the weight of evidence against Defendant is strong; the prospect of conviction and a potentially lengthy sentence; her illegal immigration status and likely deportation create a

4

high likelihood she will flee this jurisdiction. The Court is not confident that the proposed third-party custodian or a secured bond or any other condition or combination of conditions would assure Defendant's appearance as required.

*IV. Conclusion*

Having considered the foregoing Section 3142(g) factors, the Court concludes by a preponderance of the evidence that Defendant is a risk of flight and further concludes that no condition or combination of conditions will assure her appearance as required.  Defendant shall remain in the custody of the United States Marshal pending trial.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE